UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICKY E. RANSOME                                                                                PLAINTIFF

V.                                              CIVIL ACTION NO.4:03CV1-D-S

LIFE INSURANCE COMPANY
OF GEORGIA                                                                 DEFENDANT

## MEMORANDUM OPINION DISMISSING CASE

On November 13, 2002, Ricky E. Ransom, filed suit against Life Insurance Company of Georgia accusing Defendant of unlawful racial discrimination related to the underwriting, pricing and servicing of life insurance policies. On January 2, 2003, Defendant removed the case to this Court. Thereafter, on June 24, 2003, the case was transferred to the Eastern District of Louisiana (hereinafter the "MDL Court") for consolidated and coordinated pretrial proceedings.

On April 17, 2007, the MDL Court held a status conference which Plaintiff's attorney, Harvey Barton attended. During the status conference the MDL Court judge informed the attorneys that it would establish pretrial deadlines. On August 15, 2007, the MDL Court issued a Pretrial Order establishing the following deadlines for Plaintiff's case: a) file expert reports on or before January 16, 2009; b) file a witness list and an exhibit list on or before March 2, 2009; and c) complete discovery on or before March 3, 2009. In the Pretrial Order, the MDL Court warned the parties, "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown." The MDL Court continued, "Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause." Despite the MDL Court's warnings, Plaintiff failed to conduct any discovery, did not file

a single motion and failed to meet any of the MDL Court's pretrial deadlines.

On April 7, 2009, Defendant filed a motion for involuntary dismissal for lack of prosecution in the MDL Court. On May 11, 2009, Plaintiff responded to the motion arguing that on August 29, 2005, Plaintiff's counsel's office was devastated by Hurricane Katrina and every file, pleading, computer file, *et cetera* relating to the claims were lost. Plaintiff's counsel also claimed to have unsuccessfully attempted to recreate his files from Defendant's files and former counsel for other claimants. On July 7, 2009, the MDL Court remanded the case to this Court without ruling on Defendant's motion for involuntary dismissal.

On March 30, 2010, Magistrate Judge Sanders held a case management conference during which Magistrate Sanders was informed that a motion for involuntary dismissal was filed with the MDL and was still pending. Plaintiff's counsel again argued that he failed to do a single thing to prepare this matter for trial because he lost files two years prior to pretrial deadlines being set.

On April 9, 2010, Defendant renewed its motion by filing the current motion to dismiss with prejudice for failure to prosecute with this Court. As of this date, Plaintiff has failed to respond to the motion.

Orders of the Court must be obeyed regardless of whether litigants believe the orders are necessary, fair or correct. After any appeals or proper motions for reconsideration are exhausted, the order becomes final. The Court must enforce its orders to control its docket; to protect the legitimate interests of the parties; and to protect the system of justice. The Court also has an interest in the timely disposition of its business and the power to protect that interest, in various statutes, in the rules of the court and in the inherent power of the Court. The inherent power of the Court emanates from the "control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991) (quoting *Link v. Wabash R. R. Co.*, 370 U.S.

626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 735 (1962)).

The Court recognizes the vast devastation Hurricane Katrina caused and acknowledges the hardships placed upon Plaintiff's counsel to attempt to recreate his file regarding Plaintiff's claims. However, Hurricane Katrina occurred in August, 2005 and the MDL Court did not set any deadlines for more than two years following Hurricane Katrina. In addition, Plaintiff's first deadline in the present case was January, 2009, over three years after Hurricane Katrina and the close of discovery was not until March 3, 2009, approximately three and a half years after Hurricane Katrina. Plaintiff failed to file any expert reports, a witness list or an exhibit list; did not conduct any discovery; and has not filed any pretrial motions. Plaintiff's attorney could have filed a motion for extension of the pretrial deadlines if he needed additional time in which to comply with the Pretrial Order. However, Plaintiff's counsel has failed to request an extension of the deadlines set by the MDL Court. Therefore, Plaintiff has failed to obey an order of the MDL Court which this Court is bound to uphold. It appears from Plaintiff's lack of action and communication with the Court that he does not intend to comply with the orders of the court and that he has abandoned this cause of action.

Federal Rule of Civil Procedure 41(b) allows the Court to involuntarily dismiss a case if Plaintiff fails to prosecute or to comply with a court order. The Court, having considered the Plaintiff's actions as a whole, is of the opinion that Plaintiff has failed to prosecute the action and failed to comply with an order of the Court and therefore finds the case should be dismissed with prejudice.

A separate order shall follow.

THIS the 27 day of May, 2010.

_____
SENIOR JUDGE